IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BENJAMIN W. FAWLEY,

    Plaintiff,

v.                                                                                                                                     No. 2:20-cv-01236-KWR-GJF

MICHELLE LUJAN-GRISHAM, *et al*,

    Defendants.

**ORDER DIRECTING AMENDMENT**

    **THIS MATTER** is before the Court on Benjamin Fawley's *pro se* Letter-Complaint (Doc. 1). Plaintiff is a state prisoner. His Letter-Complaint purports to raise habeas claims under 28 U.S.C. § 2241 and equal-rights claims under 42 U.S.C. § 1981. The facts reference, inter alia, Plaintiff's incarceration in New Mexico and Virginia; his interactions with various government officials; and unconstitutional legislative activities. The Letter-Complaint also alleges "every single prisoner's judgment and sentence" is "null and void." (Doc. 1 at 9).

    Because Plaintiff filed the Letter-Complaint while incarcerated, it is subject to *sua sponte* screening. *See* 28 U.S.C. § 1915A (requiring screening of prisoner civil rights complaints); Habeas Corpus Rule 4(a) (requiring screening of habeas claims). The Court must dismiss any pleading that is frivolous, malicious, or fails to state a cognizable claim. *Id.* The Court cannot perform its screening function because it is unclear which claims Plaintiff intends to assert. The Letter-Complaint is a quintessential "kitchen-sink" or "shotgun" filing, which "brings every conceivable claim against every conceivable defendant." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3 (D. Kan. Sept. 18, 2012) (unpublished);

*see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Shotgun pleadings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young,* 2012 WL 4211669, at *3; *see also Pola v. Utah*, 458 Fed. App'x. 760, 762 (10th Cir. 2012) (affirming the dismissal of a complaint that was "incoherent, rambling, and include[d] everything but the kitchen sink"); *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which … pertinent allegations to which a response is warranted").

Accordingly, Plaintiff must file a single amended pleading within thirty (30) days of entry of this Order. If he seeks money damages for past violations, he should file a prisoner civil rights complaint. If he seeks to challenge the execution of his sentence or an underlying conviction, he should file a habeas corpus petition. Either way, the pleading must comply with Fed. R. Civ. P. 8(a) and contain a short and plain statement of the grounds for relief. The amendment should "explain what each defendant did to [Plaintiff] ...; when the defendant did it; how the defendant's action harmed him ...; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Court also discerns Plaintiff seeks to proceed *in forma pauperis* in this action. The Letter-Complaint references *in forma pauperis* relief and attaches a copy of Plaintiff's inmate financial statement. (Doc. 1 at 30). Such relief is only available where a plaintiff's financial statement reflects he "is unable to pay [the filing] fees or give security therefor." 28 U.S.C. §

1915(a). Plaintiff does not qualify for relief, regardless of whether he pursues habeas claims or a civil rights action. The habeas filing fee is $5.00, and the civil filing fee is $402. According to Plaintiff's financial statement, he has $24,801.43 in his inmate account. (Doc. 1 at 31). Plaintiff's request to proceed *in forma pauperis* is therefore denied, and he must prepay the appropriate filing fee for his claims.

The Clerk's Office will mail Plaintiff a blank 42 U.S.C. § 1983 complaint and a blank 28 U.S.C. § 2241 habeas petition, so that he can return the appropriate form. Plaintiff must also prepay the corresponding filing fee ($5.00 for a habeas action, or $402 for a civil rights action) **within thirty (30) days of entry of this Order.** If Plaintiff fails to timely comply with both directives, the Court will dismiss this case without prejudice and without further notice.

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Plaintiff must: (1) file a single, amended pleading as specified above; and (2) prepay the corresponding filing fee ($5.00 for a habeas action, or $402 for a civil rights action).

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a form § 1983 civil rights complaint and a form § 2241 habeas petition.

                                                **KEA W. RIGGS**
                                                **UNITED STATES DISTRICT JUDGE**