## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

BENJAMIN W. FAWLEY,

     Petitioner,

v.                                                                    No. 2:20-cv-01236 KWR-GJF

MICHELLE LUJAN GRISHAM, *et al*,

     Respondents.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Benjamin Fawley's *pro se* Amended 28 U.S.C. § 2241 Habeas Corpus Petition (Doc. 3) (Petition).   Fawley is a state inmate from Virginia. He alleges, inter alia, the New Mexico Corrections Department (NMCD) violated due process principles by taking deductions from his prison earnings for New Mexico victims.   Having considered the record, arguments, and applicable law, the Court will dismiss the Petition.

### BACKGROUND

In 2006, Fawley entered an *Alford*[1] plea in a Virginia court to second-degree murder and received a lengthy prison sentence.   *See Fawley v. Jablonski,* 832 Fed. App'x 575, 576 (10th Cir. 2021) (setting out Fawley's procedural history).   He has been serving that sentence in NMCD custody since 2009.   *Id.*   Since his transfer to New Mexico, he has filed several § 2254 petitions in other districts related to the Virginia conviction.   *See, e.g., Fawley v. Clarke*, 2013 WL 1856111, *1 (E.D. Va. May 1, 2013); *Fawley v. Johnson*, 2010 WL 2483988, *1 (E.D. Va. June 16, 2010). Fawley also unsuccessfully sought authorization in the Tenth Circuit and Fourth Circuit to file a second or successive § 2254 petition and filed 42 U.S.C. § 1983 actions regarding the payment of

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970).

New Mexico restitution funds.   *See Fawley*, 832 Fed. App'x at 576 (setting out the habeas history); *Fawley v. GEO Group., Inc.*, 543 Fed. App'x 743, 745 (10th Cir. 2013) (affirming dismissal of a similar theory under § 1983).   The Tenth Circuit denied a certificate of appealability in Fawley's most recent § 2254 proceeding on January 5, 2021.   *Id*.

In the instant case, Fawley's opening pleading raises habeas claims under 28 U.S.C. § 2241 alongside equal rights claims under 42 U.S.C. § 1981.   The facts in the opening pleading reference, inter alia, Fawley's incarceration in New Mexico and Virginia; his interactions with various government officials; and allegedly unconstitutional legislative activities.   The opening pleading also alleges "every single prisoner's judgment and sentence" is "null and void."   *See* Doc. 1 at 9. The Clerk's Office mailed Fawley a blank civil complaint and a blank § 2241 petition.   The Court explained the difference between civil complaints and habeas claims; directed Fawley to clarify his requested remedy; and set a deadline for him to file a single, amended pleading that complies with Fed. R. Civ. P. 8(a).   *See* Doc. 2 (Order Directing Amendment).   The Court warned that it would not accept another "kitchen sink" filing, which brings every conceivable claim.   *Id.*

Fawley filed the instant § 2241 Petition, which complies with Rule 8(a) and these instructions.   *See* Doc. 3.   Thereafter, he filed a 74-page Objection to the Order Directing Amendment; an 80-page Motion for Leave to Submit Evidence; and a 92-page Motion to Submit Brief in Support of Allegations.   *See* Docs. 4, 7, and 8.   The Court denied the pending motions by an Order entered September 26, 2022.   *See* Doc. 9.   The ruling explained that if Fawley amplifies his Petition with hundreds of pages of new facts and evidence, the Petition would no longer comply with Rule 8(a) and would be subject to dismissal on that basis.[2]   *See* Doc. 9.   The Order also

---

[2] The Court also notes Fawley is not prejudiced by the refusal to consider hundreds of extra pages after

explained that the Court will limit its initial review to the Petition (Doc. 3).   While such limitation is not possible in all cases filed by Fawley, *see, e.g., Fawley v. Jablonski,* 827 Fed. App'x 805 (10th Cir. 2020) (affirming Rule 8 dismissal), he substantially complied with the Court's directive as to the Petition (Doc. 3).

The Petition raises the same claim as Fawley's prior § 2254 cases, but he now seeks relief under 28 U.S.C. § 2241.   *See* Doc. 3.   Fawley alleges NMCD is garnishing his prison wages for the benefit of New Mexico victims, even though the convictions were entered in Virginia.   Fawley alleges the payments constitute a "New Mexico criminal punishment" imposed retroactively and without due process.   *Id.* at 6.   He further alleges garnishing his wages pursuant to New Mexico law constitutes a breach of his Virginia plea agreement and the Interstate Corrections Compact Contract between Virginia and New Mexico.   *Id.*   Fawley finally alleges his plea/conviction is invalid, and there is "no fact or evidence of guilt of [the] crime charged."   *Id.* at 7.   In the Request for Relief, Fawley asks the Court to vacate his criminal judgment and sentence and order his "immediate release" from prison.   *Id.*   Fawley paid the $5 filing fee, and the Petition is ready for initial review.

## DISCUSSION

The Petition is governed by Habeas Corpus Rule 4.   Rule 4 requires a *sua sponte* review of habeas petitions.   "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ... the judge must dismiss the petition."   Habeas Corpus Rule 4. Rule 4 may be applied in the Court's discretion to actions brought under 28 U.S.C. § 2241.   *See*

---

issuing a warning under Rule 8(a).   As noted below, the Court is dismissing the instant Petition without prejudice.   To the extent the additional pages contain grounds for relief that would change the result, nothing prevents Fawley from filing a separate action raising those grounds.

Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to habeas corpus petitions."); *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (district court acted within its discretion in applying the § 2254 rules to a § 2241 proceeding).

As relevant here, relief is only available under § 2241 where the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."   *See* 28 U.S.C. § 2241(c)(3).[3] The "in-custody language …. is jurisdictional."   *Rosales v. Milyard*, 541 Fed. App'x 874, 880 (10th Cir. 2013) (citing *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008)). Federal courts lack subject matter jurisdiction over a habeas petition where the petitioner fails to show his custody violates federal law.   *Id.*   Because Fawley has filed several unauthorized successive § 2254 claims, the Court must also examine the Petition to determine whether it "in substance or effect asserts or reasserts a federal basis for relief from [his] … underlying conviction."   *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).   If the Petition is mixed, the Court must separately consider the successive § 2254 claims and any true § 2241 claims.   *Id.*

In this case, the Petition raises successive § 2254 claims, fails to demonstrate Fawley's custody violates federal law under § 2241, and requests relief that has no nexus to the challenged state action.   The Court will discuss each basis for dismissal below.

### A.   Any Successive § 2254 Claims Will Be Dismissed For Lack of Jurisdiction

Fawley's instant § 2241 Petition is based on the same theory underpinning many of his prior § 2254 claims.   He alleges prison officials improperly deducted funds for the benefit of New

---

[3] Section 2241 relief is also available where the petitioner is in federal custody; is being held "for an act done or omitted … pursuant to an act of Congress" or a decree of a Federal Court; is a citizen of a foreign nation; or where it "is necessary to bring [him] into court to testify or for trial."   28 U.S.C. §§ 2241 (c)(1)-(2), (c)(4)-(5).   None of these circumstances apply to Fawley, who is in New Mexico state custody pursuant to a Virginia judgment.

Mexico victims.  *See Fawley v. Jablonski,* 832 Fed. App'x 575, 576 (10th Cir. 2021) (affirming dismissal of successive § 2254 petition based on this same theory).  A § 2241 petition is not automatically subject to dismissal simply because the petitioner raised the same issue in an unsuccessful, successive § 2254 petition.  However, the instant § 2241 Petition clearly contains some allegations that challenge his *Alford* plea and murder conviction.  Fawley alleges his "plea [is] not valid," and there is "no fact or evidence of guilt of [the] crime charged."  Doc. 3 at 7.  The request for relief also demonstrates Fawley is raising at least some successive habeas claims.  *See United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) ("It is the relief sought, not his pleading's title, that determines whether the pleading is a" successive habeas petition).  Fawley seeks a writ vacating his conviction/sentence and ordering his immediate release from custody. The Court therefore concludes the Petition contains claims that challenge Fawley's underlying murder conviction.  *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006).

As previously explained, this Court lacks jurisdiction over successive habeas claims challenging Fawley's conviction or sentence.  The Court has the option to transfer successive claims to the Tenth Circuit so that Fawley can request the relevant authorization, but such a transfer is not in the interest of justice.  Any challenges to the underlying conviction have been litigated many times in this Circuit and others; the claims are likely time-barred; and the lack of jurisdiction over successive § 2254 claims was clear at the outset of this case.  *See In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008) (setting out factors to consider in determining whether to transfer or dismiss successive habeas claims).  To the extent the Petition raises successive § 2254 habeas claims, such claims are dismissed without prejudice for lack of jurisdiction.

**B.   Fawley Fails to Demonstrate His Custody Violates Federal Law Under § 2241**

To the extent the Petition raises true § 2241 challenges to the execution of Fawley's sentence, such arguments fail to demonstrate he is in custody in violation of federal law or the U.S. Constitution.   Fawley argues Respondents are violating the Due Process Clause, the Interstate Corrections Compact contract between Virginia and New Mexico, and "10 or more constitutional rights and federal laws" by garnishing his prison wages for New Mexico victims.   Doc. 3 at 7. The Petition cites the Fifth, Eighth, and Fourteenth Amendments, Article 10 of the Constitution, and Fed. R. Crim. P. 11(e).   *Id.*

The exhibits attached to the Petition reflect Fawley's "CVD deductions" are made pursuant to the Crime Victims Reparation Act, N.M.S.A. § 31-22-1, *et. seq.*; the Corrections Industries Act, N.M.S.A. § 33-8-8; and NMCD policy.   *See* Doc. 3 at 14.   "All inmates involved in job assignments" have "deductions made from their net compensation" equal to 15% of net pay.   *Id.* at 17, 22 (citing N.M.S.A. § 33-8-8).   The legislature directed NMCD to promulgate regulations to "provide for deductions from inmate compensation for victim restitution."   *Id.* at 22.   Section 33-8-8 clarifies that where an inmate is not subject to "court ordered victim restitution, the deduction … [is] transmitted to … the crime victims reparation fund."   *Id.*

Garnishing state inmates' wages for victim restitution does not constitute cruel and unusual punishment in violation of the Eighth Amendment, nor does it implicate Fed. R. Crim. P. 11, which governs federal plea agreements.   As to Fawley's claims for due process, unlawful takings, and breach of contract, the Tenth Circuit has rejected near-identical claims on multiple occasions.   In *Clark v. New Mexico Dep't of Corr.*, 58 Fed. App'x 789, 790 (10th Cir. 2003), for example, a California inmate sued NMCD for taking a percentage of his wages earned in the New Mexico

6

prison pursuant to the Crime Victims Reparation Act.   Like Fawley, the plaintiff argued "he had no New Mexico victims[,] and no restitution was required by his [out of state] … conviction."   *Id.* at 791.   The Tenth Circuit held the CVD deductions do not violate the Due Process or Takings Clause.   *Id.*   As to the allegation that CVD deductions constitute "a breach of the contract between New Mexico and California for the implementation of the Interstate Corrections Compact," the Tenth Circuit found that "the Compact's procedures are a purely local concern, and there is no federal interest absent some constitutional violation in the treatment of these prisoners."   *Id.* at 790-791 (quotations omitted).

The Tenth Circuit has also rejected Fawley's own claim, raised under § 1983, that "NMCD denied him due process of law by taking deductions from his prison earnings for the [CVD fund] … without granting him a hearing."   *Fawley v. GEO Grp., Inc.*, 543 F. App'x 743, 745 (10th Cir. 2013).   That case explains that an inmate has "no protected [liberty] interest in the full amount of his wages" in prison.   *See Brady v. Tansy*, 13 F.3d 404 (10th Cir. 1993) (rejecting due process claim).   Fawley therefore cannot show the CVD deductions violate the Due Process or Takings Clause.   And, to the extent he alleges his custody violates the Interstate Corrections Compact contract between Virginia and New Mexico, that issue does not implicate federal law.

Fawley may intend to amplify his arguments in this case to raise a violation of the Ex Post Facto Clause.   Rather than solely focusing on the improper collection of his property, Fawley now alleges that the CVD deductions constitute a "retroactive … N.M. criminal punishment."   Doc. 3 at 6.   The Petition also cites "U.S. Const. Art. 10," which may refer to Article I, § 10 of the Constitution.   *Id.* at 7.   That section prohibits states from passing ex post facto laws.   The Ex Post Facto "Clause is aimed at laws that retroactively alter the definition of crimes or increase the

punishment for criminal acts." *California Dept. of Corr. v. Morales*, 514 U.S. 499, 504 (1995). The "prohibition [on] ex post facto laws applies only to penal statutes which disadvantage the offender affected by them." *Tijerina v. Patterson*, 507 Fed. App'x 807, 809 (10th Cir. 2013) (citing *Collins v. Youngblood*, 497 U.S. 37, 41 (1990)).

The CVD deductions are not pursuant to a penal statute.   The Crime Victims Reparation Act states the purpose of CVD deductions "is to protect the citizens of New Mexico from the impact of crime[;] … to promote a stronger criminal justice system through the encouragement of all citizens to cooperate with law enforcement efforts[;]" and to "promote the public health, welfare and safety of the citizens of New Mexico."   N.M.S.A. § 31-22-2.   The Corrections Industries Act was enacted "to enhance the rehabilitation, education and vocational skills of inmates through productive involvement in enterprises and public works of benefit to state agencies and local public bodies and to minimize inmate idleness."   N.M.S.A. § 33-8-2.   Accordingly, the CVD deductions are "not attached to [Fawley's] criminal conviction" and are "not intended to punish" inmates. *Tijerina*, 507 Fed. App'x at 809 (rejecting ex post facto argument and addressing deduction of fees for services in prison).  *See also United States v. Visinaiz*, 428 F.3d 1300, 1316 (10th Cir.2005) ("In the Tenth Circuit, restitution is not criminal punishment.").   Fawley cannot shown the CVD deductions constitute a retroactive punishment or that his custody otherwise violates the ex post facto clause.   To the extent Fawley cites Article I, Section 10 of the Constitution to refer to the Contracts Clause, that section is similarly inapplicable to this case.

Finally, the Court notes even if Fawley could show the CVD deductions are improper, he has not satisfied the "in custody" requirement of § 2241.   As noted above, and as relevant here, the Court has jurisdiction over state habeas petitions "*only on the ground that [the petitioner] … is*

*in custody* in violation of the Constitution or laws or treaties of the United States." *Rosales v. Milyard*, 541 Fed. App'x 874, 880 (10th Cir. 2013) (emphasis in original) (citing *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir. 2008)).   "[A] restitution payment is not the sort of significant restraint on liberty contemplated" by the in-custody requirement of the federal habeas statutes.  *Rosales v. Milyard*, 541 Fed. App'x at 880.  *See also Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788 (10th Cir. 2008) ("[T]he payment of restitution or a fine, absent more, is not the sort of 'significant restraint on liberty' contemplated in the 'custody' requirement of the federal habeas statutes."); *Cf United States v. Sorsby*, 2021 WL 4901655, at *3 (10th Cir. Oct. 21, 2021) ("prisoner cannot challenge the restitution portion of [her] sentence using 28 U.S.C. § 2255"); *United States v. Satterfield*, 218 Fed. App'x 794, 796 (10th Cir. 2007) (extending the rule to § 2241, and noting "[a] § 2241 motion cannot challenge Mr. Satterfield's restitution order any more than a § 2255 motion can.).[4]

The alleged wrongdoing here is less significant than an actual restitution payment.   Fawley merely alleges he is not receiving his entire paycheck, after CVD withholdings, for work performed in prison.   Such withholdings do not constitute a significant restraint on liberty, and Fawley cannot show he is "in custody" in violation of federal law or the U.S. Constitution.   The Petition is subject to summary dismissal without prejudice under Habeas Rule 4.

### C.   The Requested Relief Has No Nexus to the Challenged State Action

Even if Fawley could overcome each hurdle above, the Court still cannot grant the instant § 2241 Petition.   The Petition conflates two distinct concepts: overpayment and the right to a

---

[4] The Tenth Circuit has considered § 2241 challenges where the Bureau of Prisons (BOP) is collecting restitution payments.  *See, e.g., Wallette v. Wilner*, 321 Fed. App'x. 735, 738 (10th Cir. 2009).   However, in those cases the BOP administers the restitution program in accordance with federal law.

release from custody.   Fawley alleges Respondents improperly withheld a portion of his wages, but the Petition's only request for relief is an immediate release from custody and a writ vacating his underlying conviction/sentence.   Fawley believes the overpayment, if any, renders his criminal judgment void.   Beyond the "in custody" requirement - which applies to all habeas petitions - "[a] habeas petition under § 2241 may be granted only if the challenged state action affected the *duration* of the petitioner's custody."   *Satterfield v. Scibana,* 275 Fed. App'x 808, 810 (10th Cir. 2008) (emphasis added).   *See also Wilson v. Jones,* 430 F.3d 1113, 1120 (10th Cir. 2005) (construing *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) to mean that § 2241 relief may only be granted where respondents extended the duration of petitioner's custody). The challenged action here is CVD deductions, which are added to the fund for victim restitution. "The challenge to the restitution" deductions "in no way challenges [the duration of] … custody, so it cannot be brought under § 2241."   *Satterfield*, 275 Fed. App'x at 810.

For each alternative reason above, the Court lacks jurisdiction and/or authority to grant the Petition.   The Court will dismiss the Petition without prejudice under Habeas Corpus Rule 4.   The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the ruling is not reasonably debatable.   *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

**IT IS ORDERED** that Petitioner Benjamin Fawley's Amended 28 U.S.C. § 2241 Habeas Corpus Petition (**Doc. 3**) is **DISMISSED WITHOUT PREJUDICE**; and a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will enter a separate judgment closing the

10

civil habeas case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**